DOWD, J.            UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF OHIO
                           EASTERN DIVISION

United States of America,            )
                                     )      CASE NO. 1:07 CR 350
                    Plaintiff,       )
                                     )
        v.                           )      MEMORANDUM OPINION AND
                                     )      ORDER
Douglas A. Scott and                 )
Marshall L. Crumb,                   )
                                     )
                    Defendants.      )

I.  Introduction

        The defendants were driving northbound on Interstate 71 in the village of Linndale in

Cuyahoga County on the morning of January 27, 2007.  The defendant Scott was the driver and

the defendant Crumb was the passenger in the front seat of the Scott vehicle.  A Linndale police

officer stopped the vehicle being driven by Scott for weaving (crossing into another lane on

Interstate 71 without signaling).  As a consequence of the traffic stop and ensuing searches, both

defendants were indicted with possession of firearms and ammunition as convicted felons and in

violation of 18 U.S.C. § 922(g)(1).  (See Counts 1 and 2).  Additionally, Scott was charged with

possession of more than one gram of crack cocaine in violation of 21 U.S.C. § 844(a)

(See Count 3), and Crumb was indicted for possession of Methamphetamine and

Methylenedioxymethamphetamine in violation of 21 U.S.C. §  844(a).  (See Count 4).

        Each defendant has filed a motion to suppress.  The Court conducted an evidentiary

hearing on August 15, 2007.  The only witness to testify was the arresting officer, Ryan Duffy,

of the Linndale Police Department.

(1:07 CR 350)

## II.  Summary of Duffy's Testimony

Officer Duffy reported seeing the vehicle driven by Scott weaving in violation of a City of Linndale ordinance and stopped the Scott vehicle.  As a consequence of the stop, the weapons described in Counts 1 and 2 and the controlled substances described in Counts 3 and 4 were seized.

Duffy reported smelling the odor of marijuana and seeing a partially smoked marijuana cigarette when he approached the Scott vehicle.  Eventually, he determined that the passenger, Crumb, had outstanding warrants for his arrest and so Crumb was placed in Duffy's vehicle. After the arrival of an additional Linndale Police Department vehicle, Scott was placed in the second Linndale Police Department vehicle.

Based on the odor of the marijuana and sighting of the marijuana cigarette, Duffy engaged in a warrantless search of the Scott vehicle.  That search resulted in the discovery of a firearm under the front seat of the driver's side where the driver Scott was located.  Crack cocaine was also located during the search, as well as Ecstasy pills and MDMA pills that were found on the passenger side where the defendant Crumb was located.  A subsequent inventory search prior to towing the Scott vehicle led to the seizure of marijuana and another loaded handgun.

## III.  Applicable Law

A police officer's observation of  a traffic violation supports probable cause to stop the offending vehicle.  *United States v. Wellman,* 185 F.3d 651 (6th Cir. 1999).  In this case, the testimony of Officer Duffy is unchallenged.  The court finds his testimony concerning the traffic

2

(1:07 CR 350)

violation credible.  The viewing of the smoked marijuana cigarette in the vehicle and the

detection of the odor of marijuana justified Duffy's subsequent questioning of Scott, the driver,

and the decision of Duffy to determine if there were outstanding warrants for both the driver,

Scott, and the passenger, Crumb, and to engage in further questioning of both Scott and Crumb.

See *United States v. Bradshaw,* 102 F.3d 204 (6th Cir. 1996).  *Maryland v. Wilson*, 519 U.S.

408, 413-414 (1997) instructs that police officers may as a matter of course order both the driver

and passengers of a lawfully stopped vehicle to exit the vehicle.  Most importantly, under the

circumstances of this case, *United States v. Garza*, 10 F.3d 1241 (6th Cir. 1993) teaches that the

odor of marijuana detected by an officer in the course of a lawful stop of a motor vehicle

provides the necessary probable cause to conduct a lawful warrantless search of the vehicle.[1]

Once the warrantless search led to the seizure of the controlled substances and the firearms,

Officer Duffy had probable cause to make a  warrantless arrest of both defendants, order a

towing of the vehicle and conduct a lawful inventory search of the trunk of the vehicle which led

to the lawful seizure of more contraband.

Officer Duffy gave testimony that each defendant was advised of  his rights under the

teachings of *Miranda.*  Neither defendant testified and disputed Duffy's testimony.  Rather the

defendants argue their arrests violated their rights under the Fourth Amendment and thus their

subsequent admissions and confessions constitute fruit of the poisoned tree and thus should be

---

[1]  This finding in *Garza* has been repeated by the Sixth Circuit in subsequent cases.  *See*, *United States v. Elkins*, 300 F3d. 638, 659 (6th Cir. 2002); *United States v. Foster*, 376 F3d. 577, 588 (6th Cir. 2004).

(1:07 CR 350)

suppressed.  The court finds that each warrantless arrest of the defendants was lawful and thus

the fruit of the poisoned tree doctrine does not apply.

IV.  Conclusion

The motions of both Scott and Crumb to suppress (Document numbers 12 and 11,

respectively) are DENIED in their entirety.  This case remains on the trial list for Monday,

September 10, 2007.   As earlier indicated, the court will conduct a status call on Thursday,

September 6, 2007, at noon.


IT IS SO ORDERED.


  August 31,  2007                            /s/ David D. Dowd, Jr.
Date                                         David D. Dowd, Jr.
                                             U.S. District Judge